1  PHILLIP A. TALBERT
United States Attorney
2  ANTONIO J. PATACA
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone: (559) 497-4000
Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                    CASE NO.  1:23-MJ-00080-EPG

                         Plaintiff,              DEFERRED PROSECUTION AGREEMENT
12
                  v.
13
    SCHUYLER A. WELLS,
14
                         Defendants.
15

16

17        The United States of America, by and through Phillip A. Talbert, the United States Attorney for

18  the Eastern District of California, and Assistant United States Attorney Antonio J. Pataca; and defendant

19  Schuyler A. Wells (referred to herein as "Wells") and his attorney, Griffin Estes, hereby enter into this

    Deferred Prosecution Agreement (referred to hereinafter as the "Agreement"):
20
          1.      This document contains the complete Agreement between the United States Attorney's
21
    Office for the Eastern District of California (referred to hereinafter as the "United States") and defendant
22
    Wells regarding this case.  This Agreement is limited to the United States Attorney's Office for the
23
    Eastern District of California and cannot bind any other federal, state, or local prosecuting,
24
    administrative, or regulatory authorities.
25
          2.      Defendant Wells expressly agrees:
26
          a)      He will comply with all federal, state, and local laws.  He shall immediately
27
    contact his Pretrial Services Officer if arrested and/or questioned by any law enforcement
28

DEFERRED PROSECUTION AGREEMENT                       1

officer;

   b)   He will reside at a residence approved by Pretrial Services and not move from that residence without prior approval from Pretrial Services.  He must reside with his father, Sheridan Wells. He must advise the pretrial services in writing before making any change to his residence or telephone number.

   c)   His travel is restricted to the Eastern District of California and the Northern District of New York.  He shall report to his Pretrial Services Officer as directed and keep him/her informed of his whereabouts.

   d)   He is not permitted to return to Yosemite or Sequoia National Parks for 18 months during the pendency of this agreement;

   e)   He must pay the full amount of restitution in the amount of $1,363.33, as a result of the defendant's conduct for the offenses committed on or about July 14, 2023.  Restitution shall be paid within two weeks after approval of this agreement by the Court;

   f)   He must not have any contact with the alleged victim of the instant offense, R.D.;

   g)   He must submit to drug and/or alcohol testing as approved by the pretrial services officer.  He must pay all or part of the costs of testing based on his ability to pay, as determined by the pretrial services officer.

   h)   He must refrain from the use of alcohol, and any narcotic or other controlled substance without a prescription by a licensed medical practitioner.  He must notify pretrial services of any prescribed medication within 48 hours.  He must take all prescribed medications. Marijuana use is not permitted.

   i)   He must participate in a program of medical and/or psychiatric treatment including treatment for drug or alcohol dependency, as approved by the pretrial services officer.

   j)   He shall not possess, receive or obtain any firearms during the pendency of these proceedings.  If the defendant is in possession of any firearms, he shall advise the United States, Pretrial Services, and the Court, and temporarily relinquish possession of those firearms pending successful completion of this agreement.  The logistics of the relinquishment shall be determined in consultation with the United States and Pretrial Services.

DEFERRED PROSECUTION AGREEMENT

2

k) Wells remains subject to Pretrial Services supervision and will report to and comply with their rules and regulations.

3. In consideration of defendant Wells' background, his role in the instant offense, and his willingness to: (i) acknowledge responsibility for his conduct, and (ii) demonstrate his future good conduct and full compliance with all federal, state, and local laws; the United States shall recommend to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of defendant Wells on the information be deferred for a period of no more than eighteen (18) months. Defendant Wells shall consent to a motion to be filed by the United States with the Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the United States will present this Agreement to the Court and move for (i) a continuance of all further criminal proceedings, including trial, for a period of not more than eighteen (18) months, (ii) speedy trial exclusion of all time covered by such a continuance, and (iii) approval by the Court of this deferred prosecution.

4. Defendant Wells further agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of California, for the period of time that this Agreement is in effect.

5. Defendant Wells hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time-period in which this Agreement is in effect. Defendant Wells agrees that, if the United States institutes charges following a breach of this Agreement, the time-period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of any applicable statute of limitations.

6. Defendant Wells also agrees that, in the event of a breach of this Agreement, the government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

7. The United States agrees that, if defendant Wells is in full compliance with all of his obligations under this Agreement, upon the expiration of the eighteen (18) month period set forth in

DEFERRED PROSECUTION AGREEMENT

3

1  paragraph 3 above, within thirty (30) days of the expiration of such time period the United States shall

2  seek dismissal with prejudice, as to defendant Wells, of the Information to be filed in this case.

3       8.       Defendant Wells understands that this Agreement to defer prosecution is subject to

4  approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a

5  deferred prosecution for any reason, the United States and defendant Wells are released from any

6  obligation imposed upon them by this Agreement.

7       9.       Should the United States determine during the term of this Agreement that defendant

8  Wells has committed any crime commenced subsequent to the date of this Agreement, the defendant

9  shall, in the sole discretion of the United States, thereafter be subject to prosecution for any federal

10 crimes, as well as forfeiture of assets used in and/or divestiture of profits derived from defendant's

11 criminal conduct.

12      10.      This Agreement sets forth all the terms of the Deferred Prosecution Agreement between

13 the United States and defendant Wells.  Other than this Agreement, no agreement, understanding,

14 promise, or condition exists between the United States and defendant Wells.  Nor will any such

15 agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the

16 defendant, counsel for said defendant, and counsel for the United States.  This Agreement supersedes

17 any prior promises, agreements, or conditions between the United States and defendant Wells.

18      11. This Agreement is freely and voluntarily made and is not the result of force or threats, or of

19 any promises apart from those specifically set forth in this Agreement.

20      12. Defendant Wells agrees that this Agreement, and an Order deferring prosecution, shall be

21 publicly filed with the United States District Court for the Eastern District of California, and shall

22 become a part of the record of the case.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

DEFERRED PROSECUTION AGREEMENT                    4

# APPROVALS AND SIGNATURES

a)      SCHUYLER A. WELLS: I, Schuyler A. Wells, hereby expressly acknowledge the following: (1) I have read this entire Agreement; (2) I have had an opportunity to discuss this Agreement fully and freely with my attorney; (3) I fully and completely understand each and every one of its terms; (4) I am fully satisfied with the advice and representation provided to me by my attorney; and (5) I have signed this agreement voluntarily.

Dated:      7/31/2024

_____
SCHUYLER A. WELLS

b)      Defense Counsel: The undersigned is counsel for SCHUYLER A. WELLS. In connection with such representation, I acknowledge that: (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Dated:      7/31/2024

_____
GRIFFIN ESTES
Attorney for Schuyler A. Wells

c)      Attorney for United States: I accept and agree to this Agreement on behalf of the government.

Dated:   8/5/2024

PHILLIP A. TALBERT
United States Attorney

By:_____
Antonio J. Pataca
Assistant U.S. Attorney

d)      United States District Court: The Court approves of this agreement.

Dated:   8/26/2024

_____
HON. JENNIFER L. THURSTON
U.S. District Court Judge

DEFERRED PROSECUTION AGREEMENT                    5